CLINT SPRUELL v. THE STATE.

No. 14425. Delivered November 18, 1931.
Rehearing Denied January 6, 1932.

318

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

State's witness Ray Lancaster testified that on the 21st day of March, 1931, he went to appellant's home and purchased from appellant a pint of whisky, for which he paid him $1.50. The city marshal, a witness for the state, testified that on the day in question he saw Lancaster about three blocks from appellant's home. Appellant did not testify in his own behalf. His wife and other witnesses in his behalf testified, in substance, that on the day the sale was alleged to have taken place appellant was at his home from four o'clock in the afternoon until 8:30 that night; that the witnesses were with appellant during the entire time; that Ray Lancaster did not come to the house during the time mentioned, and appellant did not sell him any whisky. Although the witness Lancaster did not fix the time of day he purchased the whisky, it appears from the testimony of the constable that it was the state's theory that the purchase was made about 6 p. m. ·

By special charge appellant sought to have the jury instructed that if they had a reasonable doubt as to whether the witness Lancaster was at his (appellant's) house on the afternoon of the day of the sale, and purchased from appellant at said time and place a pint of liquor that appellant should be acquitted. The jury were instructed by the court in the main charge that if they had a reasonable doubt as to whether appellant sold whisky to Lancaster on the occasion in question, to return a verdict of not guilty. We think this charge gave appellant all he was entitled to under the evidence.

Bill of exception No. 1 presents the following occurrence: The district attorney asked the witness Lancaster how he happened to go to appellant's home and get the whisky. The witness answered that he had been there before. After the question had been answered appellant objected on the ground the answer placed in issue the general reputation of appellant, and tended to show a separate and distinct offense. We do not understand that the mere answer of the witness that he had been to appellant's home before placed in issue appellant's general reputation for being peaceable and law-abiding, or that his declaration was equivalent to proof that appellant had committed a separate and distinct offense. We are not impressed with the view that the bill of exception reflects error.

Bill of exception No. 2 complains of the action of the court in permitting state's witness Lancaster to testify that he got the pickle jar in which he brought the whisky away from appellant's home from the person for whom he got the whisky. Appellant objected to the testimony on the ground that it was a transaction outside of his presence and hearing, and over which he had no control. We think the objection was properly overruled. The statement did not involve any declarations between the witness and the third party. It went no further than to show that he had gotten the pickle jar from the third party.

In the same bill of exception appellant complains of the court's statement to the effect that he did not think that appellant's counsel had a bill of exception. The bill might be disposed of on the ground that it is multifarious. Again, it might be disposed of on the ground that the entire bill consists of questions and answers and a colloquy between the court and counsel, without a certificate on the part of the trial court showing the necessity for such form. If the bill is considered we do not think the remarks of the trial court of sufficient importance to warrant a reversal. We do not understand that the court was commenting on the weight of the evidence. The utterance was equivalent to a statement that the court did not believe appellant's objection to the testimony was well taken.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his insistence that the trial court was in error in refusing the special charge referred to in our original opinion. It is only inferentially that the state may be said to have claimed the time of the alleged sale as between four and eight p. m. The alleged purchaser seems to have never been asked what time he bought

the liquor. This could have been easily ascertained if it had been desired. The officer does not claim to have seen the purchaser nearer than three blocks from the house of appellant, at about six o'clock in the afternoon. Appellant did not testify, and all that can be said of the testimony of his witnesses is that it was an indirect denial of a sale of liquor between four and eight o'clock by raising an issue that the alleged purchaser was not at appellant's house between those hours. Under the facts we think the charge given by the court is sufficiently comprehensive to protect appellant's rights.

The motion for rehearing is denied.

*Denied.*