## M. L. MILLER v. THE STATE.

No. 17536.   Delivered April 24, 1935.
Rehearing Denied June 28, 1935.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

A former appeal is found reported in 71 South Western, Second Series, at page 516 (126 Texas Crim. Rep., 220).

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Everett Crowder by shooting him with a gun.

Deceased, his wife and children, and appellant lived in the same house. Eventually appellant and deceased quarreled. It was the State's theory, given support in the testimony, that appellant had fallen in love with the wife of deceased. Appellant's testimony was to the effect that he cared for deceased's wife only as a friend. His testimony was to the further effect that shortly prior to the homicide deceased had ordered him and Mrs. Crowder to leave the place and not return. In any event, on the 2nd of July, 1933, appellant left, accompanied by deceased wife and her small child. The homicide occurred two days later at the home of appellant's father. According to the version of appellant and his witnesses, deceased and M. H. Witt, the father-in-law of deceased, came to his father's home for the purpose of killing him, and deceased, who had entered a rear door of the house, was preparing to draw a pistol when appellant shot him. Witnesses for appellant testified that they saw a pistol near the body of deceased when he fell to the floor, and that an officer who entered at the time secured said pistol. In rebuttal, the State introduced the officer, whose testimony was to the effect that he only secured appellant's pistol and that deceased was not armed. As he lay on the floor dying, deceased stated that appellant had no right to kill him, as he had come to the house for the purpose of getting his wife.

We deem it unnecessary to set out in further detail the testimony adduced upon the present trial, as it was substantially the same as that shown in the opinion on the former appeal. We are unable to reach the conclusion that appellant's contention that the evidence is insufficient should be sustained.

Bill of exception No. 1 presents the following occurrence: State's witness, Marshall Witt, who went with deceased to the scene of the homicide, testified on his direct-examination that he and deceased went to the courthouse in Coleman shortly prior

to the killing. The district attorney then asked the witness what they did while in the courthouse. Upon objection by appellant's counsel, the question was withdrawn. The next question propounded by State's counsel was as follows: "Where did you go from the courthouse?" The witness answered: "He (referring to deceased) stayed here until he called you (referring to the district attorney)." It is recited in the bill that appellant objected at the time the question was asked and before the answer was given. No motion to exclude the answer, which was not responsive to the question, was made. Bill of exception 2 shows that the State elicited from the same witness the answer that he and deceased went to the scene of the homicide to see if they could find the wife of deceased. Upon objection, the court instructed the jury not to consider the testimony touching the reason of deceased in going to the scene, but permitted the witness to testify that he went there to find the wife of deceased. It is shown in said bills 1 and 2 that appellant objected to all of said testimony on the ground, among others, that the undisclosed motive of the witness and deceased in going to the scene impinged on appellant's theory of self-defense. Touching the matter shown in bill No. 1, it is shown on page 4 of the statement of facts that the witness Witt testified, without objection on the part of appellant, as follows: "After we left there on that occasion I believe we came here to the courthouse and saw Mr. Frank Mills, the sheriff." As to bill No. 2, it is shown on page 105 of the statement of facts that, without objection on the part of appellant, an officer testified to statements deceased made to him immediately after the shooting. We quote the testimony as follows: "At that time he (deceased) asked me to find his wife. He asked me to search this house and see if I could find his wife and I asked him what his wife's name was and he told me and he said 'She is in the house and I came after her.' And so I looked around a little and I didn't see any one there and I told him I didn't see any women in the house but that there were three women outside when I came in." Again, on page 106 of the statement of facts it is shown that the witness testified deceased said to him: "I came up here after my wife." On page 112 of the statement of facts it is shown that another officer testified, without objection on the part of appellant, as follows: "And then he (deceased) said that Miller (appellant) had no right to kill him and that he had only come out there looking for his wife. He said that he was looking for his wife and little boy." It is seen from the foregoing that substantially the same testimony as that shown in bills of ex-

ception 1 and 2 was received in evidence without objection on the part of appellant. Hence the rule laid down in Wagner v. State, 109 S. W., 169, and applied in many subsequent cases, is applicable. We quote: "It is well settled in this State that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to." See also Enix v. State, 16 S. W. (2d) 818, and Burgess v. State, 225 S. W., 182. We think it is clear that proof went to the jury without objection that deceased went to the scene of the homicide for the purpose of getting his wife. Under the circumstances, we would not feel warranted in holding that the bills of exception reflect reversible error.

We deem it unnecessary to discuss bills of exception 3, 4, 5 and 6. Said bills have been carefully examined and the opinion is expressed that they fail to reflect reversible error. Bills of exception 7, 8, 11, 12, 13, 15, 16, 19 and 20 are concerned with proof to the effect that appellant had visited the wife of deceased on several occasions after the homicide. A witness for the State testified that the wife of deceased was in her home in February, 1934; that on at least three occasions appellant came there to see deceased's wife; that on one of these occasions he went upstairs after 7 p. m. and was not seen by her any more that night. In short, the proof on the part of the State circumstantially showed that after the homicide appellant maintained intimate relations with deceased's wife. All of the evidence touching the matter was objected to by appellant on the ground, among others, that it tended to prove an extraneous offense involving acts and conduct subsequent to the homicide. The court qualified the bills of exception as follows: "The State's theory was that the defendant was enamored of and in love with deceased's wife and killed deceased in order that he might have deceased's wife. The evidence was offered and admitted upon this theory of motive." The opinion is expressed that appellant's objection was not well taken. Shortly prior to the homicide deceased's wife and small son had left deceased and gone with appellant to the town of Coleman. The proof on the part of the State was to the effect that at the time of the homicide deceased was at the home of appellant's father for the purpose of carrying his wife back home, and that appellant shot him to prevent such action. Appellant testified that deceased's wife had been kind to him but that he was not in love with her. His testimony was to the further effect that he acted in self-defense at the time he killed deceased. Under the circumstances, we think it is clear that the state had the right to show

that appellant continued to associate with the wife of deceased after the homicide. Proof of facts which show motive may be made notwithstanding it involves proof of an extraneous crime. Branch's Annotated Penal Code, sec. 1882; Hamblin v. State, 41 Texas Crim. Rep., 140.

Bill of exception No. 10 relates to appellant's objection to the effort on the part of the State to impeach appellant's witness Hector Miller. It appears that the witness had made a written statement to the district attorney shortly after the homicide. His testimony given upon direct-examination contradicted in several material matters his written statement. On cross-examination the district attorney called his attention to said written statement and asked him if he had not made certain statements set forth therein shortly after the homicide. We think the bill fails to reflect error. In his Annotated Penal Code, sec. 174, Mr. Branch states the rule as follows: "Either side may impeach the witness of the other by proof of statements contradictory of the testimony given on the trial when the statement sought to be so impeached is upon a material matter." In support of the text many authorities are cited, among them being Druse v. State, 38 S. W., 803, and Campos v. State, 50 Texas Crim. Rep., 292.

Bills of exception 17 and 18 are concerned with appellant's objections to the cross-examination of certain of his witnesses who had testified that his general reputation as a peaceable and law-abiding citizen was good. These witnesses were asked by counsel for the State if they had not heard that appellant was living in adultery with the wife of deceased. They answered in the negative. The bills are qualified to the effect that appellant had filed a plea for a suspended sentence. In view of the fact that appellant asked for a suspended sentence, the inquiry touching his general reputation as a peaceable and law-abiding citizen was properly extended to embrace the time of the trial. Page v. State, 25 S. W. (2d) 840, and authorities cited. It is the rule that a witness to the good character of the accused may be asked upon cross-examination whether he had heard rumors of particular and specific charges or acts of the accused inconsistent with the character he was called to prove, not to establish the truth of such charges, but to test his credibility and enable the jury to weigh his evidence. Whorton v. State, 38 S. W. (2d) 72, and authorities cited. The bills fail to reflect error.

Bill of exception 21 brings forward appellant's exceptions to the charge of the court. We have examined the charge in

the light of the exceptions and are of the opinion that it adequately presented the issues raised by the evidence. The reversal on the former appeal was due to an error in the charge of the court. The present charge appears to conform to the holding in the former case.

Bills of exception 22 to 33, both inclusive, bring forward appellant's objections to the argument of the district attorney. We deem it unnecessary to set out the argument. In several instances the objection was sustained and the remarks withdrawn from the jury. Some of the bills clearly show that the argument shown therein was based upon the evidence. A careful examination of said bills leads us to the conclusion that they fail to reflect reversible error.

It is shown in the sentence that appellant is condemned to confinement in the penitentiary for ten years. Applying the Indeterminate Sentence Law, the sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than ten years.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we were in error in holding that he failed to object to testimony substantially the same as that complained of in bills of exception 1 and 2. In this connection, he calls attention to the statement in bill of exceptions No. 2 that it was agreed "that said bill of appellant should follow all similar testimony in the case without taking the time of the court to object to same and without same being considered waived by the appellant." We know of no rule of procedure or practice authorizing the bringing forward of several grounds of complaint in one bill of exceptions. On the contrary, it is the settled rule that a single bill embracing exceptions to the testimony of several witnesses is multifarious and not entitled to consideration. 4 Texas Jur., 253; Middleton v. State, 217 S. W., 1046; Carter v. State, 280 S. W., 779; Kitchen v. State, 276 S. W., 252. Hence said bills would necessarily be multifarious if effect be given to the stipulation therein that they should cover all similar testimony. We quote

from 4 Texas Jur., 253, as follows: "Each ground of complaint relied on for a reversal should be brought forward by a separate bill of exceptions; a bill which brings forward two or more grounds, or complains of a number of separate matters or rulings is multifarious and will not ordinarily be considered. This is true, for example, of a single bill containing exceptions to the testimony of several witnesses or numerous different objections to the testimony of a single witness * * *."

We are constrained to hold that orderly procedure demands that objection be made at the time of the introduction of the testimony and a bill of exceptions to the ruling complained of brought forward; otherwise, the testimony is deemed to have been received without objection on the part of the defendant on trial. This being true, we have in the record without objection the testimony of two officers to the effect that deceased stated to them while dying that he had come to the home of appellant in an effort to find his wife. Reference to the testimony of which complaint is made in bills of exception 1 and 2, as set out in the original opinion, manifests that said officers gave substantially the same testimony. Under the circumstances, the rule laid down in Wagner v. State, 109 S. W., 169, and reiterated in many subsequent cases, and which is quoted in our original opinion, was given proper application to the subject under consideration.

In the original opinion it was stated that it was deemed unnecessary to discuss bill of exceptions No. 5. In his motion for rehearing appellant reiterates his contention that said bill reflects reversible error. An examination of the same dicloses that the mother-in-law of the deceased was called to testify for the State. Being cross-examined by counsel for appellant, she was asked: "You talked to your daughter (wife of deceased) down there that day?" She replied: "I talked with them and prayed with them." At this juncture counsel for appellant requested the court to instruct the jury to disregard the statement of the witness to the effect that she prayed with appellant and the wife of deceased. The request being denied, appellant insists that this was prejudicial to the extent that a reversal should follow. His position seems to be that the answer of the witness, in indicating that she was a Christian and believed in prayer, probably influenced the jury to give undue weight to her testimony. We are not impressed with the view that the answer complained of could have brought about any possible injury to appellant. Without entering into a discussion of the matter, we are of opinion that appellant attaches more im-

portance to the incident than the circumstances under which it occurred would warrant.

In bill of exceptions 26 it is shown that the district attorney stated in argument to the jury, in effect that appellant's witnesses had perjured themselves in an effort to acquit him. Substantially the same argument was considered by this court in Akers v. State, 79 S. W. (2d) 128. It was there suggested that counsel for the State should probably have used milder language in drawing his inference from the evidence. However, we said that either side had the right in argument to draw reasonable deductions from the testimony adduced on the trial. If the testimony of the State was true, it would follow that the version of appellant's witnesses could not also be true. We do not approve the language employed by counsel, but are of opinion that under the record before us the bill fails to reflect reversible error.

It is shown in bill of exceptions No. 27 that the district attorney in argument stated, in effect, that any man would have made an effort to bring his three year-old baby boy away from an adulterous house. This bill sets forth the argument, appellant's objections thereto, the fact that same were overruled, and appellant's exception. The bill embraces no such surrounding facts or antecedent circumstances as will enable us to reach the conclusion that the argument was not warranted by the facts in evidence. If the statement of facts be consulted, it is observed that the testimony of the State showed that appellant had taken the wife and small boy of deceased from deceased's home. As shown in the original opinion, a witness for the State testified that the wife of deceased was in the home of witness in February, 1934, and that at least on three occasions appellant came to see her. On one of these occasions he went upstairs after 7 p. m., that being the part of the house in which deceased's wife had her rooms, and was not seen by the witness any more that night. Looking to the testimony, it would appear that counsel for the State was drawing reasonable deductions when he made the argument under consideration.

The remainder of the bills of exception referred to in appellant's written argument on motion for rehearing relate to remarks of the district attorney in argument to the jury. These bills are numbered in the transcript 28, 29, 32 and 33. We deem it unnecessary to discuss said bills. After carefully examining them we are not impressed with the view that they manifest reversible error.

We are constrained to adhere to the conclusion announced in

the original opinion concerning the sufficiency of the evidence. The motion for rehearing is overruled.

*Overruled.*