**KILPATRICK v. STATE.**

No. 25039.

Court of Criminal Appeals of Texas.
Jan. 24, 1951.

Appeal Dismissed April 11, 1951.

Edward B. Stewart, John T. Gilmer, and T. J. Rodgers, all of Graham, for appellant. George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

The offense is statutory rape; the punishment, fifteen years in the penitentiary.

Prosecutrix was nine years old at the time of the commission of the offense. She was living with her father, who was senile, and with her thirty-eight year old step-mother, who was mentally subnormal.

Appellant was prosecutrix's half-brother and was forty-five years of age at the time of the commission of the offense, and was temporarily visiting the family of prosecutrix. Though a married man, his wife was not with him at the time.

Several months after the date of the offense, prosecutrix was given a medical examination preparatory to admission to the Waco State Home as a dependent and neglected child, and it was discovered that she was infected with gonorrhea. Her hymen was gone, and, in the doctor's opinion, she had been penetrated some time in the not too recent past. It was then that prosecutrix named her assailant.

Her testimony was supported by that of the doctor and a Mr. U. A. Davis. Prosecutrix testified to one assault which occurred on the same day and a few minutes before a visit by Mr. U. A. Davis, while her father and step-mother were away from home. Mr. Davis testified on the trial that at the time of his visit in July, 1949, he had found prosecutrix and appellant alone in the house and prosecutrix was sitting on and holding to the head of the bed and appeared to be very nervous.

Appellant testified, admitting his presence in the house but denying the act of intercourse.

It was established that appellant had been charged in Dallas County in 1938 with the offense of contributing to the delinquency of three or four minor girls, and had been convicted in the one case in which he was put to trial and his punishment assessed at one year in jail and a fine of $500.

Appellant excepted to the court's charge and requested special charges limiting proof of such charges and conviction to impeachment purposes. The trial court, in his charge, instructed the jury that such evi-

dence might be considered only for the purpose of affecting, if it did, appellant's credibility as a witness, and could not be considered as evidence of his guilt of the offense for which he was on trial.

Other exceptions to the charge and requested charges which were refused present no error, and are not urged as such in appellant's brief.

Appellant urges three grounds for reversal, which will be considered in the order in which they appear in appellant's brief.

1. It is contended that a new trial should have been granted based upon the retraction by the State's principal witness of her inculpatory testimony.

■ Subsequent to conviction and prior to the court's hearing on appellant's motion for new trial, prosecutrix signed two affidavits, both being dated April 20, 1950. In the affidavit given to the district attorney, prosecutrix reaffirms the truth of her testimony on the trial. In the affidavit secured by those close to appellant, prosecutrix swears that her testimony on the trial was false, that appellant did not have intercourse with her, and states that the affidavit given to the district attorney, as mentioned above, was secured from her involuntarily.

The trial court had both affidavits, together with others charging prosecutrix with not being worthy of belief, before him when he overruled appellant's motion for new trial.

Without prosecutrix's testimony, there was not sufficient evidence to support appellant's conviction.

The most recent authority by this court on the question of recanting affidavits seems to be Jordan v. State, Tex.Cr.App., 221 S.W.2d 246, 248. In that case the prosecution could not be maintained without the testimony of one Haynes. On January, 19, 1949, Haynes testified for the State at the trial. On January 20, he made an affidavit recanting his testimony given on the day before. On January 23, he made an affidavit reasserting the truth of his evidence given upon the trial. The trial court had both affidavits before him when he overruled the motion for new trial. This court, speaking through Hawkins, Presiding Judge, on motion for rehearing, stated: "This issue (of granting or not granting the motion for new trial) was of necessity addressed to the sound discretion of the court, and his action thereon will not be disturbed unless an abuse of such discretion appears." (Parenthesis supplied.)

The Jordan case is deemed controlling here.

■ 2. The second contention is that the evidence is insufficient to sustain the conviction and for this reason a new trial should have been granted.

This contention appears to be based upon the testimony of the nine year old child who testified that appellant had intercourse with her. It is pointed out that the child testified that appellant did not have her on the bed long, had no difficulty in penetrating her private parts; that she suffered no pain or soreness because of the act; that she did not observe any blood or other discharge upon her clothing; and that she had not previously had sexual relations with any person.

It is further pointed out that the child told no one of the act until an examination some eight months later revealed that she had gonorrhea. Though conceding that corroboration is not essential to a conviction for rape, appellant says that his conviction should be reversed on the ground of insufficiency of the evidence because the testimony of the injured girl is incredible, her version of the affair being contrary to the laws of nature and the common experience of life. He says that before full credence can be given to such testimony, it would have to be strongly corroborated.

In Gazley v. State, 17 Tex.App. 267, cited by appellant, the rule is thus stated: " * * * all the authorities agree, and especially in a case where the injured female is a young child, that this is a crime requiring special scrutiny by the jury, and a careful weighing of the evidence, with all remote and near circumstances and probabilities, in cases where the testimony of the injured female is unconfirmed by other witnesses."

It was noted in the Gazley case that the State failed to call the mother and sister

of the injured child who, according to the evidence, were in position to show that the accused was with the child, or was in a position where he could have committed the act.

In this regard, the testimony of the child as to appellant's act is corroborated by the testimony of U. A. Davis, who found them together on the occasion. Also, unlike the Gazley case, the testimony of the child is supported by the doctor's finding that her hymen had been destroyed and that she had gonorrhea.

We are unwilling to hold that the jury was not warranted under such circumstances in accepting the incriminating testimony of the child, and upon the whole evidence in convicting appellant.

3. Appellant's remaining contention is addressed to the ruling of the court relating to a claimed hearsay statement by the injured female to her mother, and refers to his bill of exception No. 2.

This bill of exception attempts to bring forward six different questions, approximately as many answers, and the objections to such questions and answers. This cannot be done in one bill of exception. See Smithwick v. State, Tex.Cr.App., 234 S.W.2d 237; Humphrey v. State, 152 Tex. Cr.R. 203, 212 S.W.2d 159; Sharp v. State, 151 Tex.Cr.R. 637, 210 S.W.2d 174; White v. State, 150 Tex.Cr.R. 546, 203 S.W.2d 222; Miller v. State, 129 Tex.Cr.R. 166, 84 S.W.2d 459; Spruell v. State, 119 Tex. Cr.R. 317, 44 S.W.2d 733.

Court appointed counsel are commended for their conscientious efforts in appellant's behalf.

The evidence being deemed sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

On Motion to Dismiss.

MORRISON, Judge.

After the rendition of our original opinion herein and while this cause was pending before this court on appellant's motion for rehearing, it was made to appear by a proper affidavit that the appellant, who was confined in jail, made his escape there-

from on February 18, 1951, and was on February 21, 1951, captured while attempting to flee. Therefore, the State's Attorney moves to dismiss this appeal, which motion is accordingly granted. See Art. 824, C.C. P., Vernon's Ann.C.C.P. Art. 824.

The appeal is dismissed.