together with a failure to take him before a magistrate, and the making of the confession.

We hold the confession to have been voluntarily made and are unable to reach the conclusion that the undisputed facts of this case are such as would authorize this Court to say that the Supreme Court of the United States would hold it inadmissible.

Finding no reversible error, the judgment of the trial court is affirmed.

Our State's Attorney calls our attention to the fact that the word evidently intended to be "deprive" appears in the indictment spelled "drprive".

We do not think this affects the meaning of the indictment or in any way misleads the appellant.

Judgment of the trial court is affirmed.

## CUNNINGHAM v. STATE.
### No. 25871.

Court of Criminal Appeals of Texas.
June 4, 1952.

No attorney for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is burglary; the punishment, 5 years.

No statement of facts and no bills of exception appear in the record.

## CUNNINGHAM v. STATE.
### No. 25789.

Court of Criminal Appeals of Texas.
June 4, 1952.

No attorney for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

Upon his plea of guilty before the court of the offense of burglary, appellant was convicted and assessed punishment at five years in the penitentiary.

The record before us contains neither a statement of facts nor bills of exception. Nothing is presented for review.

The judgment is affirmed.

Opinion approved by the Court.