## HAMP YOUNG V. STATE

No. 26,893.   March 17, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 12, 1954

*Crunk & Morgan,* by *W. H. Crunk,* Greenville, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary, with two prior convictions alleged to enhance the punishment; the punishment, life.

The appellant plead guilty to the indictment before a jury and then filed a motion for new trial attacking the sufficiency of the indictment and alleging that the plea of guilty was entered through fear and as the result of police brutality and praying that the plea be set aside and a new trial granted.

The statement of facts on motion for new trial alone is before us. Appellant testified that early in the month of July he was arrested by Officer Margin Dees and Chief of Police Brigman at a tourist court, where he was employed, in connection with a burglary case involving a house under the control of Leroy Bowen, which is the charge herein, and that they carried him to the police station where the brutality which he claims was inflicted upon him was administered by Officer Dees.

On cross-examination he admitted that on the same day of his arrest he was transferred to the county jail where he was

confined until his trial, which occurred in the latter part of October. Concerning the treatment which he received from the officers while in the county jail, he said that he had been made a trusty, had a free run of the courthouse, and "they was nice to me." Concerning his guilt of the primary offense to which he had plead guilty, the appellant first denied that he had found the money in a wallet, but we quote from his cross-examination immediately following such denial:

"Q. You threw the wallet away? A. No, sir.

"Q. What did you do with it? A. Put it in my room.

\* \* \* \*

"Q. When the people went after you? A. No, sir, I gave them the money.

"Q. Why didn't you give them the wallet? A. They didn't ask for the wallet; I said 'come go with me, I will get the wallet.'

"Q. They called the officers? A. Yes, sir."

Concerning his trial, the appellant admitted testifying and telling the court that he had not been threatened or mistreated, but claimed that he was afraid of the officers who had mistreated him several months before. He did not testify that they were present in the courtroom at the time he entered his plea.

One Henry, a fellow prisoner at the city jail, testified for the appellant that the officers had taken the appellant out of his cell for ten or fifteen minutes on the day of his arrest early in July, that during this time he had heard the appellant holler, "Don't do me like that," and when the appellant was returned to his cell he told the witness that they had beaten him up and showed the witness where he had been operated on but that he saw no bruises.

The witness Warner testified for the appellant that he was the appellant's employer at the time of his arrest, that he went to the city hall shortly thereafter to make inquiries about the appellant, and during the course of his visit there he saw Officer Dees in the lobby and he had heard a scream.

Officer Dees testified for the state, denied that he had inflicted any brutality on the appellant and testified that the appellant was

confined in the county jail from July 3 until the date of his trial some three and one-half months later and that he had not spoken to the appellant during that time.

Police Chief Brigman testified that no brutality of any kind was inflicted upon the appellant while in his custody.

There is no mention of a confession anywhere in the record before us other than the appellant plead guilty in open court after being properly admonished.

Since everything concerning brutality testified to by the appellant was controverted by the witnesses at the hearing on the motion, no abuse of discretion on the part of the trial court in overruling the motion is shown. Adell v. State, 152 Texas Cr. Rep. 152, 211 S.W. 2d 575 and Werley v. State, 154 Texas Cr. Rep. 237, 225 S.W. 2d 833.

Appellant claims the indictment is fatally defective because the word which should have been "deprive" was spelled "deprove." In Cunningham v. State, 249 S.W. 2d 220, the word which should have been "deprive" was spelled "drprive," and we affirmed the conviction. We do not think this misspelling affects the meaning of the indictment or mislead the appellant.

Finding no reversible error, the judgment of the trial court is affirmed.