## GUY McCULLY v. THE STATE.

No. 14309. Delivered May 20, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Murchison, Davis & Murchison,* of Haskell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for thirty-five years.

Appellant, in company with Gula Hinton, prosecutrix, and other young people, had driven into the country and stopped near the home of W. L. Ray. It was night, and prosecutrix expressed the desire to return to her home. Instead of complying with prosecutrix's request, appellant took hold of her and pulled her down the road. Throwing prosecutrix to the ground, he asked her "Are you going to do what I want you to, or am I going to have to make you?" Prosecutrix released herself from appellant, but he caught her and again threw her down to the ground. Appellant kicked her behind the ear, hit her with his fist and bit her. She begged him to desist and fought him to her utmost, striking and scratching him.· She screamed and cried for help, calling on one of the young men in the party to aid her. Appellant threatened to kill anyone who came near them. He choked prosecutrix, saying to her "If you scream I will just choke you that much harder." Each time she tried to scream appellant choked her, saying "If I had my knife I would cut you up and kill myself." Prosecutrix told him that he had almost killed her. He replied that that was what he meant to do, and that it was his intention to kill her little by little. Overcoming her resistance, appellant had sexual intercourse with prosecutrix, the act producing pain and bloodshed. The foregoing facts were testified to by prosecutrix. Those present in the party testified to substantially the same facts as did prosecutrix. After getting away from appellant, prosecutrix was carried to her home in the car of a passerby, who testified that prosecutrix was in a hysterical condition. Her clothing was torn to shreds, she was bruised and scratched and one of her ears was bitten nearly through. Prosecutrix immediately reported the occurrence to her mother. Physicians were called to examine her. They testified that her hymen had been recently ruptured, and, further, they described the bruises and wounds on her body. An examination of the ground disclosed conditions that indicated a struggle between the parties. Appellant did not testify in his own behalf, but offered his wife and another witness who testified that they

saw appellant immediately after the commission of the offense and that he was "crazy drunk." State's witnesses who were present at the time of the transaction denied that appellant was drunk.

It appears that appellant was a married man and prosecutrix an eighteen year old girl. She had been in appellant's company on previous occasions, and, according to the testimony of one of appellant's witnesses, had on one occasion kissed appellant. Prosecutrix denied that she had kissed appellant, but admitted that she had been in his company at dances and at other places.

Appellant brings forward several bills of exception in which he complains of the argument of the district attorney. Bill of exception No. 2 recites that the district attorney, in his argument, used language as follows: "Mr. Davis said 'Gentlemen of the Jury: You never know when you look into the face of your own child what its end will be.' I say to you, gentlemen of the jury, that if men like Guy McCully live and that child of yours is a girl you cannot know what her end will be when you look into her blue eyes."

It appears from the bill of exception that the court sustained appellant's objection and immediately instructed the jury not to consider the argument. Moreover, it appears that one of counsel for appellant, in his argument to the jury, had said: "You never know when you look into the face of your own child what its end will be." The remarks of the district attorney were evidently intended as an answer to the argument of counsel for appellant. We deem it unnecessary to determine whether the argument was invited. If improper,—and it is not conceded that under the circumstances such remarks were improper,—the prompt action of the court in instructing the jury to disregard the argument, in our opinion, obviated the possibility of harm to appellant. We do not deem the argument of such grave character as to render it obviously injurious and prejudicial. Ordinarily, improper remarks of counsel will not present reversible error when withdrawn by the court and the jury are instructed not to consider them. Branch's Annotated Penal Code, sec. 362; Alexander v. State, 40 Texas Crim. Rep., 395, 49 S. W., 229.

In his argument, as reflected by bill of exception No. 3, appellant's counsel asked the jury to give appellant a light sentence in order that he might come back to his wife a better man. In reply, the district attorney, in his closing argument, said, in substance, that if the evidence in the case was true appellant had once before stood before a jury on a charge of rape. The court overruled appellant's objection to the argument. The recitals in the bill show that at the time appellant was attacking prosecutrix she said to him "You have been in the pen one time for this and that ought to have learned you a lesson." On cross-examination of prosecutrix by appellant's counsel, he elicited from her the following: "I told the jury a while ago that I said 'Now you have been sent to the

penitentiary once before for this and that ought to teach you a lesson.' Yes, sir, I had known that all the time." Other witnesses testified that they heard prosecutrix tell appellant that he had been in the penitentiary for the same thing. This statement was received in evidence without objection. Counsel for either side may properly comment on the facts in evidence and may draw reasonable deductions from the testimony. Branch's Annotated Penal Code, sec. 370; Kelly v. State, 37 Texas Crim. Rep., 641, 40 S. W., 803; Morrison v. State, 40 Texas Crim. Rep., 473, 51 S. W., 358.

In closing his argument the district attorney urged the jury to assess the penalty at death. The effect of his appeal was that the facts in evidence warranted the assessment of the death penalty, and that the protection of the young girls of the country depended upon the assessment of the extreme penalty in property cases. In Curry v. State, 96 Texas Crim. Rep., 267, 257 S. W., 269, in which the punishment was assessed at death, this court held that it was proper for the district attorney to argue to the jury that the only way to stop murder was to assess the death penalty in proper cases. In any event, the death penalty was not assessed in this case.

Other bills of exception relating to the argument of the district attorney have been examined. The opinion is expressed that they fail to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Complaint is made of our refusing to reverse this case because of the argument of the district attorney in which he expressed it as his opinion that at some time under the spell of able men like those now defending appellant, a jury had been misled into letting appellant off for a light sentence. The record shows that appeals were being made to the jury by defense counsel, in effect, that they should give to appellant a light sentence if he was convicted in order that he might come home to his family. Inasmuch as the testimony substantially showed that appellant had been tried for an offense like this before, and that he was at large and free at the time of trial, and that appeals were being made to the jury to give him a light sentence, we see nothing seriously objectionable in the argument.

The second complaint in the motion is of argument also. The testimony showed without contradiction the condition of the porsecutrix and her garments, and her immediate complaints to her mother upon reaching

home after the alleged rape. We do not think the argument referred to went outside the facts, or that it was such transgression of a fair appeal to the jury as should call for any reversal.

The next complaint, also of argument, appears to refer to a matter plainly stated in answer to argument of counsel for the appellant.

The motion for rehearing will be overruled.

*Overruled.*