## TOMMIE SCHWARTZ V. THE STATE.

No. 21437. Delivered February 12, 1941.
Rehearing Denied April 2, 1941.

The opinion states the case.

*T. F. Monroe* (of Hughes & Monroe) and *Harold Young*, all of Dallas, for appellant.

*Chas. A. Pippen*, of Dallas, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is receiving and concealing stolen property; the punishment, a fine of $500.00 and confinement in jail for ninety days.

During the month of March, 1940, Roger Moore was an employee of Volk Brothers of the City of Dallas. During the same time appellant and his father operated the Day and Night Pawn Shop in Dallas. Volk Brothers handled Edwin Clapp shoes, which sold for twenty dollars a pair. Moore stole several pairs of these shoes from his employers and sold them to appel-

lant. According to Moore's version, appellant paid him four or five dollars a pair for the shoes. Again, Moore testified that he wore the uniform prescribed by Volk Brothers when he went to appellant's place of business. The uniform, as well as the shoes, carried the name of Volk Brothers. Upon the trial Moore testified, in effect, that he told appellant the shoes were stolen. It was appellant's version, given support in his testimony, that he was not aware at the time he purchased the shoes that Moore had stolen them. In short, appellant testified that his transactions with Moore were legitimate.

It was incumbent upon the State to prove beyond a reasonable doubt that the shoes had been acquired by theft, and that appellant, knowing them to have been so acquired, received or concealed them. Branch's Ann. Texas P. C., Section 2535; Poon v. State, 48 S. W. (2d) 307. Upon the motion for new trial the witness Moore retracted that part of his testimony to the effect that appellant knew the witness had stolen the shoes. In short, he testified upon the hearing of the motion that he had not told appellant that he had stolen the shoes,, but stated to him that he bought them from Volk Brothers, where he worked. If the testimony given by the witness on the motion for new trial was true he had testified falsely upon the trial as to an inculpatory fact, that is, the fact of guilty knowledge on the part of appellant when he bought and received the shoes. In Branch's Ann. Texas P. C., page 131, it is said: "Where an inculpatory witness makes affidavit after verdict that he or she testified falsely or was mistaken as to an important inculpatory fact a new trial should be granted." In support of the text many authorities are cited, among them being Mann v. State, 44 Texas, 642; Brown v. State, 13 Texas Cr. R. 59; Heskew v. State, 14 Texas Cr. R. 606; McCleavland v. State, 24 Texas Cr. R. 202; Zedlitz v. State, 26 S. W. 725; Brown v. State, 42 Texas Cr. R. 176; Carter v. State, 170 S. W. 739. See, also, Douglas v. State, 54 S. W. (2d) 515, and Rhea v. State, 255 S. W. 757.

Giving application to the announcement of the decisions, we are constrained to hold that appellant's motion for new trial should have been granted.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In view of the State's motion for rehearing, we have again examined the evidence of Roger Moore as given on the trial of appellant and also his testimony given on the hearing of the motion for new trial. The evidence recanted by Moore is upon the vital issue involved in the case. It would be highly speculative to hold that the verdict of the jury would have been the same had Moore omitted from his testimony the criminative facts he later claimed to be untrue. In addition to the authorities cited in our original opinon, we refer to the following: Cooper v. State, 106 Texas Cr. R. 118, 290 S. W. 537; Wadkins v. State, 102 Texas Cr. R. 292, 277 S. W. 684; McConnell v. State, 82 Texas Cr. R. 634, 200 S. W. 842; Green v. State, 94 Texas Cr. R. 637, 252 S. W. 499; Cottrell v. State, 91 Texas Cr. R. 131, 237 S. W. 928.

The motion for rehearing is overruled.