### EDDIE ADELL V. THE STATE.

No. 23989. March 31, 1948.
Rehearing Denied June 2, 1948.

Hon. Raymond Gray, Judge Presiding.

*A. G. Mueller, L. L. Bruhl,* both of Llano, and *Martin, Moore & Brewster,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of sixty years.

The record discloses that on the night of the 22nd day of August, 1947, appellant came into the town of Llano with his ten-year-old daughter to get some pictures at the Llano Hotel but the pictures had not been finished. They then went to what is known as the Wagon Wheel where appellant drank some beer

while the little girl stayed in an automobile waiting for him. After leaving the Wagon Wheel, appellant drove into the state park where he had an act of sexual intercourse with the little girl and then drove to their home arriving there just before midnight. As a result of the act, the little girl became nauseated. Her stepmother asked her what she had on her panties but she at that time declined to tell her because her father had told her that he would whip her if she told about the matter. However, the stepmother examined the clothing and from what she found thereon she concluded that someone had had sexual intercourse with her. The next morning, after appellant had left the house, the little girl told her stepmother of the occurrence on the preceding night. The child was then taken to some doctors who examined her. One of the doctors testified on the trial that his examination of the girl revealed the fact that her private parts were swollen and that her hymen had been ruptured recently.

Appellant took the witness stand and denied that he had carnal knowledge of his daughter, the prosecutrix. We deem the evidence sufficient to sustain his conviction. The prosecutrix was corroborated by the facts testified to by her stepmother who was placed on the witness stand by appellant and also by the doctors who examined her after the alleged commission of the offense.

There are no bills of exception to the admission or exclusion of any evidence nor any objection to the court's charge. The only bill of exception in the record relates to the following remarks by the district attorney, to-wit: "Suppose this little girl had been your little girl and had been mistreated * * *," to which appellant objected on the ground that it was inflammatory, prejudicial to defendant's rights, and calculated to inflame the minds of the jurors. The objection was by the court sustained and the jury was instructed not to consider the remark of the district attorney. We see no error reflected by the bill. The argument complained of was not any violation of a manatory provision of the statute, nor was it of such inflammatory nature that it could not be effectively withdrawn from the jury. In support of the opinion here expressed, we refer to the following authorities: Kiel v. State, 129 Tex. Cr. R. 99 (83 S. W. (2d) 680) ; Beezley v. State, 108 Tex. Cr. R. 556 (1 S. W. (2d) 903) ; and McCully v. State, 118 Tex. Cr. R. 562 (40 S. W. (2d) 116).

Appellant next complains of the action of the trial court in overruling his amended motion for a new trial in which he al-

leged that prosecutrix testified falsely on the original trial and attached an affidavit made by her to the effect that the appellant did not have carnal knowledge of her. However, on the hearing of the motion she did testify that the appellant did, in fact, have sexual intercourse with her. We quote from her testimony as follows: "I told them that my father had put his thing in my thing. I told them that in San Antonio before the trial ever started. That is the truth and that is honestly what happened. That is what I told the jury during the trial of this case and that was true." Again she testified, "After I called it a thing and had told Mr. Watkins what it was, then he told me to call it a private part." Dr. Gray, who was absent at the time of the trial but was present on the hearing of the amended motion for a new trial, testified that he examined the prosecutrix several days after the commission of the alleged offense at which time he found her private parts swollen and her hymen ruptured which indicated that some man had had carnal knowledge of her. Under the facts as developed there was no error committed by the court in overruling the motion since every allegation contained in the motion was controverted by the witnesses. Appellant contends that she retracted her testimony given on the trial. We do not think so. It is true that in the affidavit attached to his motion for a new trial she retracted it, but when she testified on the hearing of the motion, on cross examination, she reaffirmed her testimony given on the trial of the case. Appellant cites us to a number of cases as sustaining his contention. However, an examination of those cases discloses that in each instance the witness retracted his testimony, not only in an ex parte affidavit, but continued to retract it on the hearing of the motion for a new trial. Such is not the case here,

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this case is based largely upon the fact that the original opinion stated that the ten year old prosecuting witness filed an affidavit which was presented with appellant's motion for a new trial, that in this she repudiated her testimony given on the trial of the case, but that when she was called as a witness she did not follow up the statement in her affidavit. The motion for rehearing challenges the correct-

ness of this statement and quotes that part of her evidence upon which reliance is had to support the challenge.

A part of her testimony in the statement of facts on motion for new trial is consistent with the affidavit and then, upon further questioning, the evidence is practically the same as that given in the original trial and contrary to the affidavit. We refer to that part quoted in the original opinion.

It is difficult for us to reconcile all of her statements but the trial court did do so by his refusal to grant a new trial. A question of fact was passed upon by the trial court and it is not within the province of this Court to set his finding aside so long as there is evidence to sustain it.

The evidence of Dr. G. L. Gray, on page 36 of the statement of facts on motion for new trial, is quite convincing. No doubt it played an important part in appellant's motion for a new trial. We cannot say that it did not sustain the order overruling the motion. Further than that we need not go.

The motion for rehearing is overruled.