LUTHER JORDAN V. STATE.

No. 24363. May 4, 1949.
Rehearing Denied June 15, 1949.

H. L. Edwards, of Nacogdoches, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is selling whiskey in a dry area. The punishment assessed is a fine of one thousand dollars and imprisonment in the county jail for a period of twelve months.

The state's evidence, briefly stated, shows that Nacogdoches County is a dry area; that on the 30th day of September, 1948, about 8 or 8:30 p. m., Willie Haynes, Jr., went to the home of appellant for the purpose of purchasing some whiskey. Appellant didn't have any whiskey at his house, but told Willie to go across the road where he would find a pint at the root of a tree. Willie handed appellant a ten dollar bill and appellant gave him back six, a five and a one dollar bill, in change. Willie went across the road and at the root of the designated tree found a pint of "Seven Seagrams" whiskey. A short time thereafter some officers stopped Willie in his car, questioned him, searched his car, and found the pint of whiskey in question.

Appellant took the witness stand, denied the transaction in toto, and said that at the time in question he was not in Nacogdoches County but in the town of Henrietta, several hundred miles from the scene of the alleged offense. It will be noted that this raised an issue of fact which the jury decided adversely to him.

The court gave appellant's special requested charge on the law of alibi, his only defense.

Appellant next contends that the verdict of the jury is too indefinite and uncertain. The verdict reads as follows: "We, the jury, find the defendant guilty, and assess his punishment at a fine of $\_\_\_\_\_$ or by \_\_\_\_\_ months imprisonment in the County Jail, or by fine of $1,000.00 and 12 months in jail." The verdict of a jury should receive a liberal rather than a strict construction. If the intention of the jury can be ascertained from the verdict itself or in connection with the court's charge, it will be sufficient. We believe that in the instant case the intention of the jury, as reflected by their verdict, was to find him guilty of the offense for which he was on trial and they assessed his punishment at a fine of $1,000 and twelve months in the county jail. It occurs to us that it is not subject to any other reasonable construction. See Art. 686, Vernon's Ann. C. C. P., and authorities there cited under Notes 1 and 2.

We do not think that the trial court erred in overruling appellant's motion for a new trial based on the ground that the state's main witness had made an affidavit to the effect that he was mistaken in identifying appellant as the person who sold him the whiskey on the night in question, since the same witness subsequently made an affidavit to the effect that on the trial he testified to the truth; that he was not mistaken in identifying appellant as the person who sold him the whiskey. The court, with the two affidavits before him and no other evidence, was justified in overruling the motion.

From what we have said it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing, appellant complains because in our original opinion we did not discuss a bill of exception complaining that hearsay evidence was admitted over his objection as to what the arresting officer said to Willie Haynes. We have examined the bill and find no error reflected thereby.

Appellant also complains that we erred in not reversing the judgment because the state's main witness, Willie Haynes, in

an affidavit attached to the motion for a new trial retracted his testimony against appellant. He cites many authorities supporting the general proposition that where a witness has testified to material inculpatory facts against accused, and after verdict makes affidavit that witness had testified falsely, or by mistake, a new trial should be granted. We recognize this general rule as a sound proposition of law, but a different situation confronts us here. Haynes testified upon the trial on January 19th. On January 20th, he made the affidavit which was attached to the motion for a new trial. The state contested the motion and attached thereto an affidavit from said witness made on January 23rd reasserting the truth of his evidence given upon the trial. Both affidavits were before the trial court upon the hearing of the motion.

The court was not without statutory authority and precedents as to the proper procedure under the circumstances. Article 757, Vernon's Ann. C. C. P., reads as follows:

"The State may take issue with the defendant upon the truth of any cause set forth in the motion for new trial; and, in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue."

This issue was of necessity addressed to the sound discretion of the court, and his action thereon will not be disturbed unless an abuse of such discretion appears. In the order overruling the motion for new trial, it is recited that the court considered both the supporting and controverting affidavits, and was of the opinion the motion for new trial should be overruled. The case of Trigg v. State, 99 Tex. Cr. R. 376, 269 S. W. 782, furnishes an example which we regard as directly in point in principle. There newly discovered evidence was alleged, and the trial court was presented with contradictory affidavits from the alleged newly discovered witness, while here it was alleged retraction with contradictory affidavits from the alleged retracting witness. The case of Adell v. State, 152 Tex. Cr. R. 152, 211 S. W. (2d) 575, decided June 2, 1948, also appears to be directly in point. In passing upon the issue before him, the trial court could, of course, consider all the facts developed on the trial, as well as the affidavits in question. We discover no abuse of discretion in the trial court's action.

The other matters presented in the motion for rehearing do not occur to us as requiring discussion.

The motion for rehearing is overruled.