Hubert Otto WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36293.

Court of Criminal Appeals of Texas.

Jan. 22, 1964.

Rehearing Denied March 4, 1964.

**450**

L. Clayton Rivers, Jr., El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Sam W. Callan; Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is incest; the punishment, 8 years.

The indictment alleged that the appellant, on or about December 12, 1962, did unlawfully and incestuously, carnally know and have carnal knowledge of his daughter.

The daughter named in the indictment was the principal state's witness. The court correctly instructed the jury that she was an accomplice and that her testimony required corroboration.

She testified that she was 17 years old and was the daughter of the appellant; that she had sexual intercourse with him at their home in El Paso on December 12, 1962, and on many prior occasions in El Paso and elsewhere. She admitted having sexual relations with other males, and testified that her first sexual intercourse was with the appellant when she was about 11 years old. She also testified that the appellant had committed acts of sodomy with his mouth upon her.

Dr. Frederick P. Bornstein testified that he examined the girl on December 20, 1962 and that her hymen and genitals indicated that she had had repeated sexual intercourse over a protracted period of time, but he found no evidence of violence on the body or of recent sexual intercourse.

The written statement of the appellant made on December 20, 1962, was introduced in evidence, in which he confessed to having sexual relations with his daughter beginning some 4 years previously and continuing off and on since that time. He recounted certain specific acts of intercourse and where they occurred, the last being on December 12, 1962, in his bedroom.

The appellant testified in his own behalf and called his 16 year old son as a witness.

The boy testified that he did not recall the night of December 12, 1962; that he

saw his father and his sister in bed together once; that he never slept with his father; that because of limited covering his sister would sleep with his father on cold nights; that he never saw anything go on wrong between his sister and father.

The appellant testified that he was not guilty of the charge against him; had never had sexual relations with the girl; that she was not his natural child, but was conceived while he was overseas, that he considered and treated her as a daughter. He also testified that she had slept with him once or twice on a real cold night.

The appellant also testified that the warning appearing at the head of the statement was not given or read to him; that he had no warning other than "* * * we would be up all night if I didn't sign the statement."

The issue as to the voluntary nature of the confession and the giving of proper warning was submitted to the jury and was resolved against the appellant.

The testimony of the 17 year old girl, corroborated by the confession of the appellant, is sufficient to sustain the jury's verdict.

The serious and difficult question raised on the appeal relates to the overruling of appellant's motion for new trial which was based upon the affidavit and testimony of the daughter to the effect that her testimony at the trial was false and in fact the appellant had never had sexual intercourse with her.

The state challenges the consideration of the statement of facts on the motion for new trial which was forwarded to this court attached to and forming a part of the statement of facts on the main trial.

The statement of facts having been prepared upon oath of inability of the appellant to pay for it, we granted the request that it be returned to the trial court. This was done and the statement of facts on the motion for new trial was separately filed in the trial court. Such statement of facts, approved by the trial judge after the expiration of the 90 days allowed for filing same, is before us and will be considered. Art. 759a, Sec. 4, Vernon's Ann.C.C.P.

■ The general rule is that where a witness has testified to material inculpatory facts against an accused and after verdict, and before motion for new trial has been acted upon, such witness makes affidavit that he testified falsely, a new trial should be granted.

Green v. State, 94 Tex.Cr.R. 637, 252 S.W. 499, was a conviction for selling liquor. The witness who retracted the truth of his testimony at the trial was the alleged purchaser. This Court said:

"* * * when the state is compelled to rely for its conviction upon the testimony of a witness who afterward, and before the motion for new trial is acted upon, retracts the truth of said testimony and himself appears before the court and under oath affirms that the testimony as given by him originally was not true, and when the facts show that without such testimony the state has no case, the conviction should be set aside."

The Court reasoned that corrupt motives for such retraction could not be shown by the state, as a showing of perjury in the retraction would weaken rather than support the veracity of the witness' original testimony.

■ We do not construe the above rule to require that in all cases, without regard to the evidence adduced at the trial and to the falsity of portions of the recanting affidavit and testimony on the hearing of the motion for new trial, the court is bound to grant a new trial.

In Jordan v. State, 153 Tex.Cr.R. 466, 221 S.W.2d 246, we held that the issue of whether or not a new trial should be granted based on retraction of his testimony by

the state's main witness is addressed to the sound discretion of the trial judge, and his action thereon will not be disturbed unless abuse of such discretion appears.

In the same case we said that in passing upon whether a new trial should be granted, the trial judge may consider all of the facts developed on the trial as well as the retracting affidavit.

It is true that in Jordan v. State, and in the case there cited, there was a retracting affidavit and a later affidavit of the witness to the effect that his testimony on the trial was true, whereas in the case before us, the witness made affidavit and testified at the hearing on the motion for new trial that her testimony at the trial was false. We note, however, that the witness admitted that the portion of her retracting affidavit charging the district attorney with having told her that if she did not go through with it, after filing the charges, she would get into trouble herself was untrue.

In addition to the facts above stated, the trial court had before him the following:

The testimony of the girl at the trial showed her guilt of the offense of incest as well as the guilt of the appellant.

The girl retracted her testimony only after having been released from the juvenile detention home and taken by her grandfather to Houston and the retracting affidavit was made while she was living with the parents of the appellant.

The girl testified at the hearing on the motion for new trial that on December 20, 1962, she went to the military police and from there to the El Paso Police Department where she gave one of the officers on duty a statement detailing what her father had done to her through a period of some time and stating that her father had had intercourse with her on numerous occasions.

The record shows that on the same day the appellant was taken to the police station and made and signed the confession introduced in evidence, confessing such incestuous relations with his daughter.

The girl was in the detention home from December 20, 1962, until after the trial on March 28, 1963. She testified that during all of that time she did not tell anybody that the charges she had made against her father were not true.

The court also had before him the testimony of the appellant at the trial in which he admitted that the girl had slept with him once or twice and testified that he had always had " * * * the problem of keeping her out of men's laps, keeping her hands off of their private parts * * * " and trouble " * * * with her being alone with boys for any length of time * * * " and " * * * had trouble with keeping her from playing with herself in the bath room * * * ", and his testimony expressing his personal opinion that the girl he said was not his natural daughter was " * * * abnormal from a sexual standpoint."

█ Under the record, the trial court was warranted in concluding that the testimony of the girl at the trial was true, and that her affidavit and testimony in an effort to keep her father from going to the penitentiary was untrue.

The trial judge saw and heard the witnesses and was in position to determine their credibility. We conclude that no abuse of his discretion in the overruling of the motion for new trial is shown.

The judgment is affirmed.