George **WILSON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42254.

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Jack H. Ray, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, twenty years.

The sole ground urged as error is the refusal of the trial court to grant appellant's amended motion for new trial based on new evidence material to his defense which was discovered after his trial.

The appellant and Joe Henry Tolover were separately indicted for committing the same offense of robbery on May 27, 1968. The indictments were returned July 2, 1968.

No motions for severance were filed by either the appellant or Tolover. The appellant's case appeared in numerical order on the docket before that of Tolover. The appellant announced ready upon the call of his case for trial on October 2, 1968.

The testimony on the trial reflects that Clara Craig, night clerk at the Park Motel in San Angelo, was struck on the head and severely injured about 1 a. m., May 28, 1968, and robbed by two men. While testifying, Clara Craig positively identified the appellant as the man who grabbed and hit her as the other man went toward the cash register.

The appellant did not testify, but called five witnesses including his co-indictee Tolover. Four of the witnesses, which included his father and mother, testified that he was at another and different place than that of the robbery at the time it was alleged to have occurred. Next, the appellant called his co-indictee Tolover.

It is here pointed out that on July 12, 1968, Tolover testified on his habeas corpus bond hearing that he had never been to the Park Motel; that he had never seen Clara Craig before the hearing, and that he did not know that appellant was going to rob the "old lady." When Tolover was asked about the facts he related in the written statement he gave to Officer Balentine on June 1, he said that he made it because of force and promises by the officers.

When Joe Henry Tolover was called to testify for the state he was admonished by the court of his right not to incriminate himself, and then he was informed by his court appointed counsel of such right, who also advised him not to testify.

The witness Tolover testified in part as follows:

"Q And have you agreed to testify in spite of that in order that the truth may be known?

"A Yes.

"Q You have previously testified in the case, it was a habeas corpus (bond) hearing, on your behalf in connection with this same offense, have you not?

"A Yes.

"Q All right. There was certain testimony that you gave at that trial or at that hearing as to the person or persons involved with you in connection with that offense, is that correct?

"A Yes, sir.

* * * * * *

"Q The testimony that you gave as to who was involved with you, the testimony you gave on the habeas corpus hearing, was that true and correct as concerns who was involved in the commission of the crime with you?

"A No.

"Q That was not true, the testimony at that time was not true?

"A No.

* * * * * *

"Q Now, as I understand it, is it true that you also gave a statement, as to, for example, George Wilson being involved with you in the commission of this crime; is that correct?

"A Yes, it was.

"Q Now, your answer a moment ago I believe related to the reason that you gave that statement, you were forced to?

"A Right.

* * * * * *

"Q All right. Did the effect of that threat to you continue at the time of the prior hearing in this case?

"A Yes, sir, I was threatened.

"Q At that time?

"A. Right.

"Q All right. And as a result of that threat, is that why you testified as you did at the prior hearing?

"A Right. That's why I had to.

"Q All right. In that prior hearing and and in that statement did you testify that George Wilson, Jr. was involved with you in the commission of the assault or robbery by assault of the Park Motel? Did you so testify in the prior hearing?

"A Yes. Like I say, that's why I had to."

The appellant declined to answer any further questions pertaining to the robbery for the reason that they might incriminate him.

In his amended motion for new trial the appellant alleged that since the jury verdict of guilty in his case on October 2, 1968, and before the pronouncement of sentence upon him that, Joe Henry Tolover was found guilty by the court on a plea of guilty to the same offense, that sentence had been pronounced upon him, and he had waived his right of appeal and motion for new trial; that since his conviction Tolover has refused to sign an affidavit but has stated he would testify if called as a witness for the appellant; that if called Tolover would testify that he was present at the time and place of the robbery, and that the appellant was not present at said time and place and did not participate in any manner in the robbery of Clara Craig; and in fact, said offense was committed by Tolover and another person or persons; and that such testimony constitutes newly discovered evidence and is now available to him.

The appellant called Joe Henry Tolover to testify in support of his amended motion for a new trial, and he was again timely advised of his rights. Tolover testified that he had been convicted of the robbery of the Park Motel and had been returned from Huntsville to testify. He further testified that he met Larry Bridges and Dya Parker at a Drive Inn, and they agreed to take him home because he was drunk after Larry made a "run"; that they stopped at the Park Motel and Larry told him to stay in the car and they went to the motel and he went to sleep; that he never saw the robbery, but the next day they told him that they robbed the motel and threatened to kill him if he told about it. He also testified that the appellant was not at the scene of the robbery and did not participate in it.

Whether a new trial should be granted when the motion therefor and the testimony in support of it is based on the retraction of the testimony of a state's witness is within the sound discretion of the trial judge, and his action thereon will not be disturbed unless abuse of such discretion appears. Williams v. State, Tex.Cr. App., 375 S.W.2d 449.

Under the record, it is concluded that the trial court did not abuse his discretion in overruling the amended motion for new trial.

The judgment is affirmed.