**Rodrigo VILLARREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–574–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 12, 1990.

Joseph A. Connors, III, McAllen, for appellant.

Steve Fischer, Dist. Atty., Raymondville, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of sexually assaulting a child and assessed punishment at 55 years in the Texas Department of Corrections. We reverse the judgment of the trial court and remand the cause for new trial.

■ In his first point of error, appellant contends that the trial court should have granted his motion for new trial because MV, appellant's fourteen-year old daughter, recanted her trial testimony which incriminated appellant. At trial, MV testified that appellant had assaulted her sexually over a period of years. MV also testified that appellant forced her to have sex with men for money and that one of these men had been convicted of sexually assaulting her.

Appellant impeached MV with an earlier statement she had given to the sheriff in which she stated that she had fabricated the allegations against appellant to punish appellant because he was strict. In finding appellant guilty, the jury obviously chose to believe MV's trial testimony. The Honorable Jane Akin Brasch presided over appellant's trial.

Brasch's successor in office, the Honorable Gilberto Hinojosa, presided at the hearing on appellant's motion for new trial. At the hearing, appellant introduced, without objection from the State, an affidavit in which MV recanted her trial testimony, again stating that appellant had not assaulted her. In the affidavit, MV stated that she had made the allegations because appellant did not let her go out with men. She further stated that she had been pressured into testifying against appellant by her foster parents, case workers, and an assistant district attorney.

At the new trial hearing, MV did not testify. The State and appellant stipulated that MV was unavailable. Appellant's counsel, Joseph Connors, stated he understood that MV had gone to Florida.

Robert Webb, a former patrolman and jailer who knew MV and was friends with appellant and his family, testified that MV called him at home (about a month after the jury found appellant guilty), saying she had something to talk about. Webb went to MV's home, where MV told him some people were after her and she wanted to get something off her chest. She stated that her previous trial testimony was not true. Webb then recorded MV's retraction on tape. Several days later, Webb accompanied MV to Connors' office where an affidavit recanting her trial testimony was made.

The secretary of appellant's counsel testified that MV made the recanting affidavit before her and that she saw no one pressure MV into giving the affidavit. Appellant introduced into evidence this affidavit and the tape recording made by Webb.

■ The State offered no evidence to controvert appellant's evidence that MV had recanted her trial testimony. Under these circumstances, we find that the trial court abused its discretion in not granting appellant a new trial. The general rule is that a new trial should be granted where a witness has testified to material inculpatory facts against the accused and after the verdict, but before the motion for new trial has been acted upon, makes an affidavit that he testified falsely. *Williams v.*

**674**

*State*, 375 S.W.2d 449, 451 (Tex.Crim.App. 1964); *Schwartz v. State*, 141 Tex.Crim. 456, 149 S.W.2d 96, 97 (App.1941). *Autry v. State*, 718 S.W.2d 898, 902–903 (Tex.App. —Corpus Christi 1986, pet. ref'd).

 This rule, however, is not without exceptions. Where the recanting witness is an accomplice, the recantation may be dismissed. *See Wilson v. State*, 445 S.W.2d 213, 214–216 (Tex.Crim.App.1969). Likewise, where the witness who recanted abandons the recantation, a new trial is not required. *See Tiroff v. State*, 164 Tex. Crim. 215, 297 S.W.2d 826, 829 (App.1956); *Kilpatrick v. State*, 155 Tex.Crim. 609, 237 S.W.2d 996, 997 (App.1951); *Jordan v. State*, 153 Tex.Crim. 466, 221 S.W.2d 246, 248 (App.1949); *Adell v. State*, 152 Tex. Crim. 152, 211 S.W.2d 575, 576 (App.1948).

Another exception exists where the recantation is found to be incredible in light of the trial evidence. *Williams v. State*, 375 S.W.2d at 451. *See Jones v. State*, 711 S.W.2d 35, 36–40 (Tex.Crim.App.1986). None of the above exceptions apply in the present case. MV was not an accomplice witness nor did she abandon her latest recantation, and because the judge who heard the new trial motion did not preside at trial, the judge could not rely upon the evidence introduced at- trial to determine that the recantation was incredible. *Cf. Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim.App.1984) (successor judge not authorized to assess punishment where no evidence was introduced at punishment phase).

 Another exception exists where evidence is produced at the new trial hearing to show that the recantation is incredible or pressured. *Dillard v. State*, 550 S.W.2d 45, 52 (Tex.Crim.App.1977). This exception does not apply either. The State did not introduce any evidence at the new trial hearing to controvert any of the statements made by MV.

Unlike the cases of *Adell v. State*, 152 Tex.Crim. 152, 211 S.W.2d 575, and *Williams v. State*, 375 S.W.2d 449, nothing in this record shows that the recanting witness' affidavit is false. The only hint of pressure in this case is contained in the statement made by MV to Webb that "some people were after her." This statement alone, however, is insufficient to show that the affidavit was false, or even that the people were "after her" for a reason related to appellant. Under these circumstances, the trial court abused its discretion in not granting the motion for new trial. Appellant's first point of error is sustained.

We need not address appellant's remaining points of error. The judgment of the trial court is reversed and the cause is remanded to the trial court for new trial.

UTTER, J., not participating.