**Ovidio GARCIA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00513–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 30, 2002.

Discretionary Review Refused
July 31, 2002.

Joseph A. Connors, III, Law Office of Joseph A. Connors, III, McAllen, for Appellant.

Heriberto Silva, District Attorney, San Diego, Hilda Gonzalez, Assistant District Attorney, Rio Grande City, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Ovidio Garcia ("Garcia") pled guilty before a jury to capital murder, and the jury assessed his punishment at life imprisonment. Based on the arguments made in Garcia's brief, the following issues are presented for our review: (1) the evidence was legally and factually insufficient because the jury found Garcia guilty of capital murder "as charged in the indictment;" (2) the trial court erred in admitting the third special issue on mitigating circumstances because it was not effective for any offense committed before September 1, 1991; (3) the record is incomplete; (4) the trial court abused its discretion in denying Garcia's motion for new trial; (5) the trial court erred in granting a change of venue; and (6) Garcia's plea was involuntary due to the trial court's involvement in the plea negotiations. We affirm the trial court's judgment.

## JURISDICTION

The State contends that we do not have jurisdiction to consider this appeal under rule 25.2(b)(3) because Garcia filed a general notice of appeal. Rule 25.2(b)(3) only applies to an appeal from a judgment rendered under article 1.15 of the Texas Code of Criminal Procedure. See TEX.R.APP. P. 25.2(b)(3). Article 1.15 applies only when a defendant has waived his right to trial by jury. See TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2001). In this case, Garcia pled guilty before a jury. A plea of guilty before a jury in a capital case constitutes a trial by jury. See, e.g., Matchett v. State, 941 S.W.2d 922, 930 (Tex.Crim.App.1996); Holland v. State, 761 S.W.2d 307, 313 (Tex. Crim.App.1988); Williams v. State, 674 S.W.2d 315, 319 (Tex.Crim.App.1984). Therefore, Garcia's appeal is not from a judgment rendered under article 1.15 of the Texas Code of Criminal Procedure, and rule 25.2(b)(3) does not apply.

Although rule 25.2(b)(3) does not apply, Garcia is limited in the issues he

may raise on appeal. In *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000), the Texas Court of Criminal Appeals stated, "Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error [arising before the plea if] the judgment of guilt was rendered independent of, and is not supported by, the error." *Id.*

### SUFFICIENCY OF THE EVIDENCE

Garcia complains that the evidence is insufficient because the indictment charged him with the capital murder of four victims, but evidence was only presented at trial with regard to the murder of two of the four victims. Because the jury found that Garcia was guilty of the offense of capital murder "as charged in the indictment," Garcia contends that the evidence is insufficient to support his conviction.

■ In addition to challenging the sufficiency of the evidence, Garcia appears to complain that the indictment was improperly amended. Prior to the entry of the plea, an exchange occurred regarding the potential problem of having four victims mentioned in the indictment when Garcia only intended to plead guilty to the capital murder of two of those victims. Garcia's trial counsel stated that he waived "whatever problems may come up with regard to that." Accordingly, any alleged error in the indictment was waived. *See, e.g., Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim.App.1998); *Hines v. State*, 978 S.W.2d 169, 175 (Tex.App.-Texarkana 1998, no pet.). Garcia's reliance on article 1.141 of the Texas Code of Criminal Procedure is misplaced because an indictment was returned in this case. Furthermore, an amendment to the indictment was not necessary; the State simply dismissed the charges as to two of the victims after the indictment was read.

■ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In our factual sufficiency review, we must consider all of the evidence to determine whether the judgment is "so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). "[S]ufficiency of the evidence [is] measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

■ In this case, since the indictment authorizes a jury charge defining the elements of the offense of capital murder as to four victims, the jury charge, which defined the elements of the offense of capital murder as to two victims, was authorized. Because the State dismissed the charges as to the other two victims, the jury charge did not include those victims. Since we measure the sufficiency of the evidence against a hypothetically correct jury charge, the fact that the jury found Garcia guilty "as charged in the indictment" does not affect the sufficiency of the evidence. Garcia pled guilty before the jury to murdering the two victims mentioned in the jury charge during the same

criminal transaction. This plea was sufficient evidence to support Garcia's conviction. *See Williams,* 674 S.W.2d at 319 n. 3 (noting no additional evidence needed to be presented when defendant pleads guilty before a jury as opposed to pleading guilty before the trial court).

### SPECIAL ISSUES IN JURY CHARGE AT PUNISHMENT PHASE

■ Garcia also contends that the trial court erred in submitting special issue number three to the jury during the punishment phase of the trial.[2] We need not consider the merits of this issue. Because Garcia received a life sentence, any error at the punishment phase is harmless. *Phelps v. State,* 594 S.W.2d 434, 437 (Tex. Crim.App.1980).

### RECORD

■ Garcia asserts that this court reversibly erred in concluding that the record was complete for purposes of appellate review. Our ruling was based on a hearing held by the trial court in April of 2000, in which Garcia's trial counsel and counsel for the State agreed the record on appeal was complete. Therefore, any complaint as to whether the record is complete was waived. TEX.R.APP. P. 33.1.

### MOTION FOR NEW TRIAL

Garcia contends that the trial court abused its discretion in denying his motion for new trial. Although Garcia's brief mentions numerous general complaints that were made in his motion for new trial, the only complaints that are adequately briefed with regard to the trial court's denial of the motion for new trial are Garcia's complaints regarding: (1) the unamended indictment; (2) the recantation of a witness; and (3) the voluntariness of his plea.

■ It is well established that the granting or denying of a motion for new trial lies within the discretion of the trial court. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Id.*

#### A. *Unamended Indictment*

The trial court did not abuse its discretion in denying the motion for new trial based on Garcia's complaint regarding the unamended indictment. As previously noted, any complaint as to the language of the indictment was waived. *See, e.g., Ex parte Patterson,* 969 S.W.2d 16, 19 (Tex. Crim.App.1998); *Hines v. State,* 978 S.W.2d 169, 175 (Tex.App.-Texarkana 1998, no pet.).

#### B. *Recantation/Newly Discovered Evidence*

■ The trial court is arbitrary or unreasonable in denying a motion for new trial if the record reflects: (1) newly discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumu-

---

2. It appears that the punishment issues were submitted to the jury because before the 1991 amendments (which were not applicable to Garcia's case in view of the date the offense occurred) section 37.071 provided, "Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment. The proceeding shall be conducted in the trial court before the trial jury as soon as practicable." Section 37.071 now reads, "If a defendant is found guilty in a capital felony case in which the state does not seek the death penalty, the judge shall sentence the defendant to life imprisonment."

lative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State,* 882 S.W.2d 844, 849 (Tex.Crim.App. 1994); *Ashcraft v. State,* 918 S.W.2d 648, 653 (Tex.App.-Waco 1996, pet. ref'd). In cases where a witness has testified to material inculpatory facts against an accused and after the jury's verdict, but before motion for new trial has been acted on, such witness makes an affidavit that he testified falsely, the general rule is that the new evidence is probably true and a new trial should be granted. *Ashcraft,* 918 S.W.2d at 653. An exception to the general rule occurs when the trial court finds the recantation to not be credible based on the trial evidence and the evidence at a hearing on the motion. *Id.* "Credibility" is measured by whether the recantation is "probably true." *Id.* Based on the evidence presented at the hearing on the motion for new trial, the trial court did not abuse its discretion in concluding that the recantation of Juan Gilberto Hinojosa was not credible.

 Garcia asserts that because the trial judge who presided over the motion for new trial hearing was not the trial judge who presided over the trial, the motion for new trial could not be denied based on the trial judge's determination that the recantation was not credible. Garcia cites *Villarreal v. State,* 788 S.W.2d 672, 674 (Tex.App.-Corpus Christi 1990, pet. ref'd), as support for this contention. However, in *Villarreal,* the court noted that an exception to this rule exists "where evidence is produced at the new trial hearing to show that the recantation is incredible." *Id.* In this case, evidence was produced at the new trial hearing regarding Juan Gilberto Hinojosa's prior statements, the circumstances under which they were made, and a prior ruling holding such statements to be admissible. Therefore, evidence was before the trial judge at the new trial hearing from which an assessment of credibility could be made.

## C. *Voluntariness of the Plea*

 The trial court extensively admonished Garcia in relation to his plea and its consequences. The admonishments cover 46 pages of a reporter's record from a pretrial proceeding. Therefore, the trial court did not abuse its discretion in concluding that Garcia's plea was voluntary.

### UNENFORCEABLE PLEA BARGAIN

 Garcia claims that his agreement to plead guilty in exchange for the State's agreement not to seek the death penalty was illegal and unenforceable because a retrial of a charge the State agreed to dismiss was barred by double jeopardy. Even if the retrial was jeopardy-barred, Garcia does not complain that the State breached the plea bargain by failing to dismiss the charge. Therefore, the State "live[d] up to its side of the agreement," and Garcia's complaint does not affect the voluntariness of his plea. *Hargrave v. State,* 10 S.W.3d 355, 359 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (plea only rendered involuntary if state fails to live up to its side of agreement).

### VENUE

Garcia contends that the trial court erred in transferring venue of his case from Starr County to Hidalgo County. The trial court changed venue on its own motion.

 Article 31.01 of the Texas Code of Criminal Procedure permits a trial judge to change venue on its own motion, after notice and a hearing, if the trial judge is satisfied that a fair and impartial trial cannot be had in the county in which the case is pending. TEX.CODE CRIM. PROC.

ANN. art. 31.01 (Vernon 1989). We review a trial court's decision to transfer venue under an abuse of discretion standard. *Brimage v. State*, 918 S.W.2d 466, 508 (Tex.Crim.App.1994). "The statute does not require the court to offer evidence in support of its own motion, but rather merely offers the parties a chance to be heard on the matter." *Id.* "[S]ince the statute allows the court to satisfy itself from any cause that a fair trial cannot be had, it would be difficult to envisage a state of facts by which [an appellate court] would be warranted in finding that an abuse of discretion has occurred." *Id.*

The trial court noted the extensive pre-trial publicity the case had received, stating "this is probably the most publicized multiple murder case in the Rio Grande Valley in the last five years." The trial court also noted the population of the county and the approximate number of registered voters. The trial court further noted that two of Garcia's co-defendants had been tried on three separate occasions within the last 90 days, and the jurors on one jury panel did not disclose that they were familiar with the facts of the case. The trial court did not abuse its discretion in changing the venue of the trial.

### PLEA NEGOTIATIONS

Garcia finally complains that his constitutional rights were violated by the judge's involvement in the plea negotiations. Garcia provides no record cites to support this contention. Therefore, the issue is inadequately briefed. *See* TEX. R.APP. P. 38.1(h). If Garcia's complaint relates to the trial court's lengthy admonishments, the trial court is required to admonish Garcia, and the admonishments do not equate to the trial court's involvement in Garcia's plea negotiations. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.2001).

### CONCLUSION

The trial court's judgment is affirmed.