

# NUMBER 13-18-00174-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN DAVID TORAN,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina[1]
### Memorandum Opinion by Justice Tijerina

A jury convicted appellant John David Toran of unlawful possession of a controlled substance in penalty group one, between two and four hundred grams of cocaine, a

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). Toran was found to be a repeat felony offender, and his punishment was enhanced. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 12.425. By three issues, which we address as two, Toran argues that (1) the evidence is legally insufficient to sustain his conviction; and (2) the trial court erred in denying his motion for an instructed verdict and his motion for new trial. We affirm.

## I.    BACKGROUND

On April 5, 2016, Beaumont Police Officers Randall Dommert and Clint Weir initiated a traffic stop for a traffic violation. Officer Dommert testified that Toran was the driver and sole occupant of the vehicle. Based on Toran's mannerisms, Officer Dommert conducted a pat down search and discovered a large amount of money in Toran's pocket. Thereafter, Toran consented to a search of the vehicle. Officer Dommert located a black sock, which contained "an off-white rock-like substance that [he] suspected to be crack cocaine" inside the center console of the vehicle. He also found "another smaller baggy" containing what he believed to be powder cocaine.

Officer Dommert testified that Toran initially denied having narcotics in the vehicle, but after Officer Dommert asked Toran how much the substance weighed, Toran responded, "Yeah, it's going to be 28 grams in the—in the sock." A forensic scientist at the Jefferson County Regional Crime Laboratory testified that the cocaine found inside the black sock weighed about 27.371 grams.

Timothy Robinson testified on Toran's behalf that he and Toran had been "snorting" cocaine earlier that day at his house. Robinson asked Toran to bag up some of the narcotics, which Robinson placed in the center console of Toran's vehicle when

they went to the store. Robinson testified that he forgot about the drugs because he was "so high," and he claimed that Toran did not know anything about them. When Toran called him the next day accusing Robinson of setting him up, Robinson stated he would take full responsibility for his own actions.

Robinson did not know the weight of the narcotics or how they were packaged. The next day Robinson returned to the stand and recanted his previous testimony. He testified that Toran paid Robinson to "take the case for him" and denied placing the narcotics in Toran's vehicle. Toran denied knowing narcotics were in his vehicle. He testified that he went to Robinson's house to smoke narcotics. They went to the store for alcohol, and he knew Robinson "had the stuff on him," but he had no knowledge that Robinson left the narcotics in the console of his vehicle.

A jury found Toran guilty of the offense of possession of a controlled substance. Toran then pleaded true to the enhancement paragraphs, and the trial court assessed punishment at twenty-five years' incarceration. Toran filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    LEGAL SUFFICIENCY

By his first and second issues, which we address together, Toran argues that the evidence is legally insufficient to support his conviction for possession of cocaine, and therefore the trial court should have granted his motion for an instructed verdict.[2]

### A.    Standard of Review and Applicable Law

We review the sufficiency of the evidence in the light most favorable to the verdict and then determine whether any rational trier of fact could have found the essential

---

[2] An appeal of the denial of a motion for an instructed verdict is a challenge to the legal sufficiency of the evidence. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).

elements of the crime beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of witness credibility and the weight to be attached to witness testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Moreover, direct and circumstantial evidence are equally probative. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Not every fact presented must directly indicate that the defendant is guilty, so long as the cumulative force of the evidence is sufficient to support a finding of guilt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015).

A conviction for possession of a controlled substance is supported only when the evidence establishes that the defendant "knowingly or intentionally possesse[d]" the alleged controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b). The mere presence of the accused at the place where contraband is located does not make him a party to joint possession, even if he knows of the contraband's existence. *Jenkins v. State*, 76 S.W.3d 709, 712 (Tex. App.—Corpus Christi–Edinburg 2002, pet. ref'd). Proof of possession requires evidence that the accused exercised "actual care, custody, control, or management" over the substance. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38). Thus, the State must prove the accused (1) "exercised control, management, or care over

4

the substance" and (2) knew that the substance "possessed" was contraband.  *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988) (en banc).

When the accused is not in exclusive control of the place where the contraband is found, the State must establish care, custody, control, or management by linking the accused to the substance through additional facts and circumstances.  *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981)).  Be it direct or circumstantial, the State's evidence of links must establish, "to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."  *Id*. at 405–06 (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc)); *see Park v. State*, 8 S.W.3d 351, 352–53 (Tex. App.—Amarillo 1999, no pet.).  In other words, the evidence must affirmatively connect the accused to the contraband in such a manner and to such a degree that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it.  *See Travis v. State*, 638 S.W.2d 502, 503 (Tex. Crim. App. [Panel Op.] 1982).

The factors by which an accused may be sufficiently "linked" to the contraband include the following considerations:  (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics connecting himself to the contraband; (6) whether the defendant made incriminating statements connecting himself to the contraband; (7) whether the defendant

5

made furtive gestures; (8) whether there was an odor of contraband; (9) whether other contraband or drug paraphernalia were present; (10) whether the defendant owned or had the right to possess the place where the contraband was found; (11) whether the place where the contraband was found was enclosed; (12) whether the defendant was found with a large amount of cash; (13) whether the conduct of the defendant indicated a consciousness of guilt, including whether the accused attempted to flee; and (14) whether occupants of the premises gave conflicting statements about relevant matters. *See Evans*, 202 S.W.3d at 162 n. 12; *Jenkins*, 76 S.W.3d at 712–13. These factors, however, are simply factors which may circumstantially establish the sufficiency of evidence offered to prove a knowing "possession." *See Evans*, 202 S.W.3d at 162 n.12 (explaining that these factors "are not a litmus test"). It is not the number of links that is dispositive; rather, it is the logical force of all the evidence. *See id*. at 162.

**B.     Discussion**

Here, Officer Dommert asked Toran if the vehicle in which the cocaine was found was his, and Toran replied that it was. Officer Dommert discovered a large amount of cash on Toran. After searching the vehicle, Officer Dommert asked Toran if the cocaine he found was "all the dope you got in the car" to which Toran indicated that it was. The jury also heard Toran's own statements on Officer Dommert's audio recording. When Officer Dommert asked Toran how much cocaine was in the bag, Toran very accurately responded, "twenty-eight grams, something like that." Furthermore, Toran commented that "somebody must have told on me" after the officers found the narcotics in his vehicle. Officer Dommert asked Toran if the narcotics were crack and coke to which Toran shook

6

his head and responded, "it's just crack and cocaine."

Moreover, Toran testified that he and Robinson had smoked narcotics earlier that day before taking the narcotics with them on the way to the store. Additionally, Toran admitted to smoking more narcotics in his vehicle. Although at first Robinson testified that the narcotics were his, he later recanted his testimony, and the jury was free to reject Robinson's testimony that the narcotics were his. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (stating that "the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony"). Thus, the State presented evidence from which the jury could have rationally found Toran (1) "exercised control, management, or care over the substance" and (2) knew that the substance "possessed" was contraband. *See Evans*, 202 S.W.3d at 161.

In contrast, Toran directs our attention to factors he believes do not link him to the narcotics. He argues that there was no evidence to show that he knew of the presence of narcotics because Robinson had been in his vehicle earlier that day and testified that he placed them in Toran's vehicle without Toran's knowledge. Thus, according to Toran, the evidence was only sufficient to prove that narcotics were removed from his vehicle. However, the "absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)). Although Toran directs our attention to the fact that Robinson testified he placed the narcotics in Toran's vehicle without Toran's knowledge, the fact that Robinson also knew of and possessed

7

the narcotics is not a bar to Toran's conviction. *See Cole v. State*, 194 S.W.3d 538, 548 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("The State need not prove exclusive possession of the contraband for conviction."). Moreover, Toran admitted that he knew about the narcotics to Officer Dommert. Accordingly, we find that the evidence was sufficient for a jury to rationally conclude that Toran knowingly or intentionally possessed the cocaine. *See Dominguez v. State*, 474 S.W.3d 688, 694 (Tex. App.—Eastland 2013, no pet.) (holding that knowledge of the presence of contraband may be inferred from control over the vehicle in which the contraband is concealed). Therefore, the trial court properly denied Toran's motion for an instructed verdict. We overrule Toran's first and second issues.

### III. MOTION FOR NEW TRIAL

By his third issue, Toran argues the trial court abused its discretion in overruling his motion for new trial based upon the arrest of Toran's only defense witness.

### A. Standard of Review

We review a trial court's denial of a motion for new trial under an abuse of discretion standard and decide whether its decision was arbitrary or reasonable. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling. *Id*.

### B. Discussion

Toran filed a motion for new trial on the grounds that the trial court's material error likely injured Toran's rights. Specifically, Toran alleged that a material witness had been

kept from court by force or threats; and the verdict was contrary to the law and facts.[3]

Under rule 21.3(b) and (e), a motion for new trial must be granted "when a material defense witness has been *kept* from the court by force, threats, or fraud . . ." or when the trial court has "committed some other material error likely to injure the defendant's rights." TEX. R. APP. P. 21.3(b),(e) (emphasis added).

At trial, Robinson testified that the narcotics were his and that Toran had no knowledge Robinson placed them in Toran's vehicle. Robinson was arrested following his testimony and subsequently recanted his confession in front of the jury. Robinson testified that Toran agreed to pay him $2,500 "to take the case for" Toran. He apologized to the jury for lying in court when he previously stated the narcotics were his because he was there to "make amends, to tell the truth." Thus, the evidence establishes that Robinson was not kept from court by force or threats as Robinson testified before the jury on more than one occasion. Moreover, the record does not indicate any threats or intimidation of Robinson on either part of the State or trial court.

Toran argues that "[h]ad the trial court not improperly ordered the warrantless arrest of Robinson, the facts preponderate that Robinson would not have requested to return to court to change his testimony in the hopes that he would be released from custody." However, other than Toran's bare assertion, there is nothing in the record indicating that but for Robinson's arrest, Robinson would not have returned to court to change his testimony, such that the outcome of his trial would have been different. *See Dedesma v. State*, 806 S.W.2d 928, 934 (Tex. App.—Corpus Christi–Edinburg 1991, pet.

---

[3] Because we determined the evidence was legally sufficient to convict Toran of unlawful possession of a controlled substance, we overrule his argument that a motion for new trial should have been granted because the verdict was contrary to the law and facts. *See Dominguez v. State*, 474 S.W.3d 688, 694 (Tex. App.—Eastland 2013, no pet.).

ref'd); *see also Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004) (holding that a defendant cannot challenge the alleged constitutional violations of a third party). In fact, Robinson's arrest occurred outside the presence of the jury and had no bearing on the State's case in chief. Other than citing to the Texas Rules of Appellate Procedure, Toran has failed to provide any specific authority in support of his claim that rule 21.3(b) or (e) applies to the particular facts as set out above. *See* TEX. R. APP. P. 38.1.

Nonetheless, where an accomplice recants his trial testimony, his recantation may be dismissed. *Villarreal v. State*, 788 S.W.2d 672, 674 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd). Here, Toran testified again on his own behalf to further rebut Robinson's recantation. In this regard, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *See Thomas*, 444 S.W.3d at 8. Under these circumstances, we cannot say the trial court abused its discretion in denying Toran's motion for new trial. We overrule his third issue.

### IV. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of January, 2020.

10